**NEWARK INSURANCE COMPANY,**
Appellant,

v.

**Richard W. BENNETT, Rex May, Jr., and Viola May, Appellees.**

Court of Appeals of Kentucky.

March 16, 1962.

Herbert C. Howard, Louisville, for appellant.

William Kiel, Louisville, for appellees, Rex May, Jr., and Viola May.

Nixon Duncan, Louisville, for appellee, Richard W. Bennett.

CULLEN, Commissioner.

Newark Insurance Company issued a liability insurance policy to Patrick Franklin, covering a Buick automobile. Thereafter, on an occasion when the automobile was being operated by Franklin's brother-in-

law, Richard Bennett, it was involved in an accident which caused damage to Rex and Viola May. The Mays brought an action against Bennett, which the insurance company undertook to defend. His deposition was taken in that action and in the course of the deposition he stated that he had purchased the automobile from Franklin prior to the accident and that he owned it at the time of the accident. The insurance company then brought a suit against Bennett and the Mays, seeking a declaration that its policy afforded no insurance protection to Bennett because of the change of the ownership of the automobile. The question of who owned the automobile at the time of the accident was submitted to a jury, which found that Franklin was the owner. Judgment was entered declaring that the insurance policy afforded protection to Bennett, under the omnibus clause, as a person operating the automobile with the consent of the owner. The insurance company has appealed.

■ The primary contention of the appellant is that it was entitled to a summary judgment because Bennett's statement, in his deposition taken in the action by the Mays against him, constituted a judicial admission which was binding on the Mays. We need not consider the question of whether a deposition taken in a *different* lawsuit may constitute a judicial admission, because in our opinion the statement in question, even if accepted as a judicial admission against Bennett, could not be binding on the Mays.

■ The general rule is that the admissions of a party are not admissible against his coparties unless they consent thereto, adopt the statements as their own, or there is "privity" between the party making the admission and the coparties. 20 Am.Jur., Evidence, sec. 641, pp. 540, 541. The appellant here argues that there is privity between Bennett and the Mays, in that the Mays' rights must be derived from and through Bennett and that they cannot have any rights greater than his.

The term "privity" appears to have no firmly settled, universally applicable meaning. It seems that the meaning may vary according to the nature of the purpose for which the theory of privity is sought to be invoked. For the purpose of determining whether one party is to be bound by another party's judicial admission we think an appropriate statement of the elements of privity is that set forth in 24 American & English Encyclopedia of Law, 2nd Ed., p. 747, as follows:

> "Absolute identity of interest is essential to privity. The fact that two parties as litigants * * * happen to be interested in proving or disproving the same facts creates no privity between them."

Under the foregoing definition there is no privity between Bennett and the Mays. Their rights are not identical. In fact (aside from the right of Bennett to be *defended* by the insurance company, which is not of particular concern in this lawsuit), the rights are exclusive of each other, because Bennett could recover from the insurance company only if he had paid a judgment against him in favor of the Mays, and the Mays could recover from the company only if Bennett had *not* paid such a judgment against him.

It is true that as concerns the essential fact of ownership of the car by Franklin, either the Mays or Bennett, if seeking a recovery from the insurance company, would be required to prove that fact. But the mere fact that Bennett may have put himself in a position where he, if he were seeking to recover from the company, would be estopped to prove ownership of the car by Franklin, could not have the effect of precluding the Mays from proving such ownership in an action in which they sought recovery from the company.

■ The appellant maintains that the trial court erred in not permitting the appellant to read Bennett's deposition, taken in the other action, as "substantive evi-

dence" on the question of ownership of the automobile. The court ruled that the appellant might read "such portions of the deposition * * * as tend to contradict the witness Bennett *or which amount to admissions by the witness* Bennett" (our emphasis). The appellant put Bennett on the stand, and when he denied ownership of the car the appellant read at length those portions of the deposition in which he had claimed to be the owner of the car. The jury was not given any admonishment that the portions of the deposition so read could be considered for purposes of contradiction only.

Of course the deposition was admissible as substantive evidence against Bennett, but what the appellant desired was that it be admitted against the Mays. In our opinion it was not admissible as substantive evidence against them.

Under the general law of evidence the deposition was admissible against Bennett as an admission against interest. But for the reasons hereinbefore stated, since there was no privity between Bennett and the Mays, the latter would in no respect be bound by this admission, and consequently it would not be susbtantive evidence against them.

The deposition also was admissible as substantive evidence against Bennett (assuming for the purposes of this discussion that a deposition taken in a *different* lawsuit is covered by the rule) by virtue of the provision of CR 26.04(2) that the deposition of a *party* may be used by an *adverse party* for any purpose. But since a party other than an adverse party cannot use the deposition as substantive evidence we think it necessarily follows that the deposition cannot be used *against* him. On the sole factual issue in the instant lawsuit (the ownership of the car) the Mays and Bennett were not adverse parties. The Mays could not have used Bennett's deposition as substantive evidence because they were not adverse parties to him; according-

ly, the deposition could not be used as substantive evidence against them.

While the deposition should have been admitted as substantive evidence against Bennett (with an appropriate admonition not to consider it against the other defendants), no actual prejudice to the appellant could have resulted from the restrictions the court placed on its use in this case.

The judgment is affirmed.